# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2554 | **DATE** | 10/10/2012 |
| **CASE TITLE** | TCF Bank vs. Bromby | | |

**DOCKET ENTRY TEXT**

The request to vacate the entry of default [26] is granted. Based on this ruling, the plaintiff's motion for a default judgment [22] is denied as moot. The October 11, 2012, hearing is stricken and no appearance will be necessary. Status hearing set for 12/13/2012 at 11:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Chester and Donna Bromby are the defendants in this mortgage foreclosure action. Their answer or other responsive pleading to the original complaint was due on April 11, 2012. After the court allowed the plaintiff to amend its complaint, the time to answer or otherwise plead was extended to July 26, 2012. After this date passed with no action by the defendants, default was entered against them on August 1, 2012. On August 3, 2012, the plaintiff filed a motion for default judgment. The court denied the motion without prejudice and ordered the plaintiff to file a renewed motion addressing its request to receive both a monetary judgment and judgment of foreclosure. The motion for a default judgment apparently spurred the defendants into action as on August 15, 2012, they filed an answer through counsel. On August 21, 2012, the plaintiff filed a renewed motion for default judgment and on the noticed presentment date for that motion, the court entered and continued the motion for default judgment and set a date for the defendants to file a motion to vacate the entry of default.

     The plaintiff correctly notes that the defendants filed a memorandum, not a motion, addressing their request to vacate the entry of default.[1] The court will overlook this error but cautions counsel to file a motion and supporting memorandum if any further relief is sought in this case. The plaintiff also correctly notes that while the defendants seek relief under Rule 60, that rule is inapplicable as no final judgment has been entered. Instead, a motion to vacate the entry of default is governed by Rule 55, which allows the court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Under this rule, the defendants must show: "(1) good cause for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense." *Swoope v. Gary Community School Corp.*, No. 2:10-CV-423-RL, 2012 WL 589408, at *2 (N.D. Ind. Feb. 22, 2012), *citing United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1313 (7th Cir. 1995).

     Here, the defendants' memorandum asserts that their counsel brought a copy of the answer to court on

**STATEMENT**

Wednesday, August 1, 2012 – two days prior to the entry of default on August 3, 2012, but six days after their answer was due. The court does not sit on Wednesdays so court was not in session. According to the defendants' counsel, he left a courtesy copy of the answer and also promptly sought admission to this court's bar so he could appear on behalf of the defendants. Counsel also states that he served a copy of the answer on the plaintiff on August 2, 2012, although the answer was not filed until August 15, 2012.

     The memorandum requesting that the court vacate the entry of default does not identify any meritorious defense or discuss this factor. Default is a severe sanction and the standards governing a request to set aside a default are applied less stringently when no default judgment has been entered. *Id*. The court will give the defendants the benefit of the doubt and assume that their counsel did not address the meritorious defense prong because he relied on the incorrect rule. The court trusts that an error of this type will not occur again. Accordingly, because the request to vacate was filed promptly and in the interests of resolving this case on the merits, the request to vacate the entry of default (Dkt. 26) is granted. Based on this ruling, the plaintiff's motion for a default judgment (Dkt. 22) is denied as moot. The October 11, 2012, hearing is stricken and no appearance will be necessary.

1. The memorandum appears on the docket as a motion (Dkt. 26). Counsel should ensure that he selects the correct filing event so the docket entry matches the actual document that is electronically filed.